United States District Court
Southern District of Texas
**ENTERED**
April 03, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BOBIE KENNETH TOWNSEND, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-17-957 |
| § | |
| UNITED STATES, *et al.*, § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND OPINION**

The plaintiff, Bobie Kenneth Townsend, seeks a temporary restraining order to prevent the Internal Revenue Service from collecting unpaid taxes Townsend owes. Townsend, representing himself, contends that because the compensation he receives for working cannot be taxed, the liens and levies the IRS has placed against his property are illegal.

A party seeking a temporary restraining order must prove: (1) that there is a substantial likelihood that the movant will prevail on the merits; (2) that there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) that the threatened injury outweighs the threatened harm to the defendant; and (4) that the granting of the preliminary injunction will not disserve the public interest. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987).

Courts have consistently upheld the constitutionality of the federal income tax laws and of the tax levy procedure. *Stites v. United States*, 746 F.2d 1085 (5th Cir. 1984); *Meyers v. United States*, 647 F.2d 591 (5th Cir.1981). Construing Townsend's pleadings liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), he has not shown a substantial likelihood that he will prevail on the merits of his claim.

Townsend's temporary restraining order application is denied.  (Docket Entry No. 1).

SIGNED on April 3, 2017, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge