**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| BOBIE KENNETH TOWNSEND, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-17-957 |
| | § | |
| UNITED STATES, *et al.,* | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

The plaintiff, Bobie Kenneth Townsend, proceeding pro se, filed this suit against the United

States to protest two tax levies which served to collect his federal income-tax delinquencies for tax

years 2003, 2004, 2008, and 2009 and his penalties for tax years 2003 and 2004. (Docket Entry

No. 1). Townsend filed an application for a temporary restraining order, which the court denied.

(Docket Entry No. 3). The United States now moves to dismiss, Townsend responded, the United

States replied, and Townsend surreplied. (Docket Entry Nos. 8, 9, 10, 12). After careful review of

the complaint, the briefs, and the applicable law, the court grants the motion to dismiss and enters

an order of dismissal separately. The reasons for these rulings are explained below.

**I.      The Applicable Legal Standards**

**A.      Dismissal for Lack of Subject-Matter Jurisdiction**

The United States moves to dismiss under Rule 12(b)(6) for failure to state a claim. The

arguments are better addressed as a Rule 12(b)(1) motion for a lack of subject-matter jurisdiction,

because the United States argues that it did not waive sovereign immunity and that this court

therefore lacks subject-matter jurisdiction over the sovereign immunity claims. (*See* Docket Entry

No. 8).

Under Rule 12(b)(1), which governs challenges to a court's subject-matter jurisdiction, "[a] case is properly dismissed, for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Masidon*, 143 F.3d 1006, 1010 (5th Cir. 1998). "Courts may dismiss for lack of subject matter jurisdiction on any one of three bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).

The plaintiff bears the burden of demonstrating that subject-matter jurisdiction exists. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). When examining a factual challenge to subject-matter jurisdiction under Rule 12(b)(1), which does not implicate the merits of plaintiff's cause of action, the district court has substantial authority "to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997); *see also Clark*, 798 F.2d at 741. When a party challenges the allegations supporting subject-matter jurisdiction, the court has wide discretion to allow affidavits or other documents and to hold a limited evidentiary hearing to resolve disputed jurisdictional facts. The court may consider matters outside the pleadings, to resolve factual challenges to subject-matter jurisdiction, without converting the motion to dismiss to one for summary judgment. *See Garcia*, 104 F.3d at 1261.

B.      **Sovereign Immunity and Subject-Matter Jurisdiction**

"The United States must consent to be sued, and that consent is a prerequisite to federal

jurisdiction." *Delta Commercial Fisheries Ass'n v. Gulf of Mexico Fishery Mgmt. Council*, 364 F.3d 269, 273 (5th Cir. 2004). Moreover, "[w]aivers of the Government's sovereign immunity, to be effective, must be unequivocally expressed," and "consent to be sued must be construed strictly in favor of the sovereign." *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33–34 (1992). The plaintiff bears the burden of demonstrating that immunity has been waived. *Neutze v. United States*, 2017 WL 1788745, at *3 (W.D. Tex. Mar. 30, 2017) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 188–89 (1936)).

## II.     Analysis

Townsend alleged that the two federal tax levies violated his due process rights. To the extent he has standing to pursue his claim, the Tax Court has exclusive jurisdiction over the due process challenges he raises. 26 U.S.C. § 6330(d)(1); *Smith v. United States*, 2008 WL 5069783, at *1 (5th Cir. Dec. 2, 2008) (citing *Barry v. United States*, 215 F. App'x 933, 935 (11th Cir. 2007) ("The United States cannot be sued without its consent, and the only consent in a case like this is to be sued in the Tax Court.")).

Townsend also asserted a wrongful levy cause of action. Although 26 U.S.C. § 7426(a)(1) provides a limited waiver of sovereign immunity for this type of claim, it may only be brought by a person other than the taxpayer. 26 U.S.C. § 7426(a)(1); *McCarty v. United States*, 929 F.2d 1085, 1088 (5th Cir. 1991). Although Townsend asserts as a part of his "tax protest" arguments that he is a nontaxpayer, the levies he attached to his complaint name him as the taxpayer. (Docket Entry No. 1, Tabs 7–8). The United States has not waived sovereign immunity for this claim.

Townsend argues that the Administrative Procedure Act, 5 U.S.C. § 702, provides this court with subject-matter jurisdiction to hear his claims. Townsend cannot bring a suit against the United

3

States under that statute if another statute prohibits his claim. *Taylor v. United States*, 292 F. App'x

383, 388 (5th Cir. 2008). The Anti-Injunction Act, 26 U.S.C. § 7421, specifically prohibits the

injunctive relief Townsend seeks. The Anti-Injunction Act provides that "no suit for the purpose

of restraining the assessment or collection of any tax shall be maintained in any court." *Id.* (quoting

26 U.S.C. § 7421(a)). And to the extent Townsend seeks declaratory relief, the Declaratory

Judgment Act, 28 U.S.C. § 2201, bars claims relating to a dispute over federal taxes. *Id.* (citing *Bob*

*Jones Univ. v. Simon*, 416 U.S. 725, 732 n. 7 (1974)). Because other statutes prohibit Townsend's

claims, he cannot use the Administrative Procedure Act's waiver of sovereign immunity as the basis

for relief.

## III.     Conclusion

The motion to dismiss for lack of subject-matter jurisdiction is granted. (Docket Entry

No. 8). An order of dismissal is entered separately.

SIGNED on June 21, 2017, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge

4